IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GATES,<br><br>Plaintiff,<br><br>vs.<br><br>BENEFIS OF GREAT FALLS, CROSSROADS CORRECTION CENTER, MARIAS MEDICAL CENTER, and MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 14-00007-GF-BMM-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Gates alleges Defendants failed to provide him with adequate medical care and were deliberately indifferent to his medical needs while he was incarcerated in Crossroads Correctional Center. (Complaint, Doc. 9). Defendant Crossroads and Defendant Marias Medical Center filed separate motions to dismiss the Complaint for failure to exhaust administrative remedies. (Doc. 5, 13). These motions are construed as motions for summary judgment. *See Albino v. Baca*, 747

1

F.3d 1162 (9th Cir. 2014). Defendants Benefis of Great Falls and the Montana Department of Corrections have not been served. (Notice of Removal, Doc. 1 at 4, ¶¶ 5, 6.)

Crossroads' motion should be granted, as Mr. Gates did not exhaust administrative remedies. Marias Medical Center's motion should be granted as to Mr. Gates' state law negligence/medical malpractice claims because Mr. Gates did not present those claims to the Montana Medical Legal Panel.

## JURISDICTION

Mr. Gates initiated this lawsuit by filing a complaint in Montana's Ninth Judicial District. (Doc. 1-2.) Defendants removed the case to federal court. (Doc. 1.) Subject matter jurisdiction exists because Mr. Gates alleges violations of federal law. 28 U.S.C. § 1331. The case is properly venued in the Great Falls Division, which includes all the counties in Montana's Ninth Judicial District. Local Rule 1.2(c)(3). The case is assigned to United States District Judge Brian M. Morris and referred to the undersigned to conduct necessary hearings and submit proposed findings of fact and recommendations on dispositive motions.

## STATUS

Mr. Gates signed and dated his Complaint on August 8, 2013. (Doc. 9.) It was filed in Montana Ninth Judicial District Court on September 25, 2013. (State

Court Docket, Doc. 8 at 1.) Mr. Gates was released from prison on September 29, 2013. (Doc. 7-3 at 2.) The case was removed to federal court by Defendant Crossroads Correctional Center on February 13, 2014. (Doc. 1.) On February 20, 2014, Defendant Crossroads filed a motion to dismiss for failure to exhaust administrative remedies at the prison. (Doc. 5.) On February 27, 2014, Defendant Marias Medical Center filed a motion to dismiss for failure to exhaust state administrative remedies. (Doc. 13.) On April 8, 2014, the Court construed both motions as motions for summary judgment and gave Defendants an opportunity to submit supplemental briefing. *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Mr. Gates was directed to file a notice with Court indicating whether he wanted to proceed with the case. (Doc. 17.) On April 28, 2014, Mr. Gates filed a notice of intent to pursue the case and attached nine grievances presumably in an attempt to respond to the motions. (Doc. 18.) Defendants submitted supplemental briefing on April 30, 2014 and May 8, 2014 and provided the appropriate notice to Mr. Gates as required by Local Rules 12.3 and 56.2 and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (Doc. 20, 24.) The motions are now considered fully briefed.

## STANDARDS

**Motions for Summary Judgment**

The court shall grant summary judgment if there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159. Filings by pro se litigants are entitled to special deference, and are not held to the standards of attorneys. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The materiality determination rests on substantive law. *Id*. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**Prison Litigation Reform Act Exhaustion**

The Prison Litigation Reform Act's exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

4

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741.

**Medical Legal Panel Exhaustion**

"No malpractice claim may be filed in any court against a health care provider before an application is made to the panel and its decision is rendered." Mont. Code Ann. § 27-6-701 (2013).

**FACTUAL ALLEGATIONS**

Mr. Gates broke his leg on December 21, 2012 and was taken to the emergency room. (Complaint, Doc. 9 at 2.) At the hospital he was given pain medication and his leg was wrapped but not set. Mr. Gates alleges Dr. Gianarelli at Crossroads did not speak with him about his course of treatment and staff quit addressing his needs such as requests for water, emptying his urinal, and adjusting his pillow under his injured leg.

On January 7, 2013, Mr. Gates was transported to Benefis Medical Center

5

where a doctor discussed performing surgery on his leg. After the doctor returned from calling Crossroads for authorization for the surgery, however, he told his assistant to cast the leg instead. The cast was removed after sixteen weeks but x-rays revealed that the tibia and fibia were not lined up as they should have been and it was not healing as the doctor would have liked. Mr. Gates was put in a boot cast and a walking shoe. (Complaint, Doc. 9 at 4-5.)

## UNDISPUTED FACTS[1]

The administrative grievance procedure at Crossroads is Montana State Prison (MSP) Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 2, ¶ 3, 5.) When inmates arrive at Crossroads they must participate in an orientation where the grievance procedure is addressed and where each inmate is issued an Inmate Handbook which includes a copy of MSP Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 2, ¶ 5.) MSP Procedure 3.3.3 is also in the prison library as a reference for all inmates seeking to exhaust administrative remedies. (Crossroads' Undisputed Facts, Doc. 23 at 2, ¶ 5.)

To exhaust the grievance process at Crossroads, an inmate is required to

---

[1]The facts listed herein are taken from Defendants' Statement of Undisputed Facts. Mr. Gates did not file a Statement of Disputed Facts as required by Local Rule 56.1 and did not respond in anyway to Defendants' factual assertions. "Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute." L.R. 56.1.

submit an *Inmate/Offender Informal Resolution Form* within five working days of the event complained of. (Crossroads' Undisputed Facts, Doc. 23 at 4, ¶ 10.) If the inmate is not satisfied with the informal resolution process and he wants to exhaust administrative remedies, he must then file a formal grievance within five days of the response to his informal resolution procedure. (Crossroads' Undisputed Facts, Doc. 23 at 4, ¶ 11.) If the inmate is not satisfied with the response to his formal grievance, he must appeal the grievance decision by submitting an *Inmate/Offender Grievance Appeal to Warden/Administrator Form* within five days of the response to the inmate's formal grievance. (Crossroads' Undisputed Facts, Doc. 23 at 4, ¶ 12.) If the inmate is still unsatisfied at that stage of the process, he must appeal the Warden's decision to the Montana Department of Corrections (MDOC) Director by submitting an *Inmate/Offender Grievance Appeal to Corrections Director Form*. (Crossroads' Undisputed Facts, Doc. 23 at 5, ¶ 12.) The MDOC Director's "response is final, and exhausts all administrative remedies available to the inmate through the inmate grievance program." (Crossroads' Undisputed Facts, Doc. 23 at 5, ¶ 12.)

MSP Procedure 3.3.3 further states, "[i]f an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies

under the inmate grievance program." (Crossroads' Undisputed Facts, Doc. 23 at 5, ¶ 13.)

Mr. Gates submitted *Inmate/Offender Informal Resolution Forms* regarding inadequate medical treatment for his broken leg while incarcerated at Crossroads on January 11, 2013, April 6, 2013, June 24, 2013, August 2, 2013, August 23, 2013, and September 12, 2013. (Crossroads' Undisputed Facts, Doc. 23 at 5, ¶ 15.)[2]

On January 11, 2013, Mr. Gates submitted an informal resolution form complaining that Crossroads and its medical staff failed to provide him with adequate medical care for his broken leg. (Crossroads' Undisputed Facts, Doc. 23 at 6, ¶ 16.) This informal complaint was denied by Crossroads medical staff. Mr. Gates did not file a formal grievance or otherwise pursue this informal complaint through the remaining steps of MSP Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 6, ¶ 16.)

On April 6, 2013, Mr. Gates filed another informal complaint requesting that

---

[2]Attached to Mr. Gates' Response to the Court's Order of April 8, 2014 (Doc. 18) were a number of grievance forms. In addition to those listed above, Mr. Gates provided copies of an informal grievance dated December 29, 2012 seeking emergency care for his broken leg (Doc. 18-1 at 1) and a formal grievance dated February 8, 2013 complaining about the medical care he had received. (Doc. 18-1 at 3.) Mr. Gates provided no evidence to establish that he pursued these grievance through the remaining steps of MSP Procedure 3.3.3.

8

medical staff cut down his cast or recast his leg and respond to prior correspondence Mr. Gates alleged to have sent to medical staff. This informal complaint was denied by Crossroads medical staff because medical providers had already responded to Mr. Gates' concerns. (Crossroads' Undisputed Facts, Doc. 23 at 6, ¶ 17.) Additionally, Crossroads' Grievance Coordinator further responded that Crossroads had no record of any informal resolution submitted December 29 or a formal grievance from February 2013, and explained the medical care that had previously been provided. (Crossroads' Undisputed Facts, Doc. 23 at 6, ¶ 17.) Mr. Gates did not file a formal grievance or otherwise pursue the April 6, 2013 informal complaint through the remaining steps of MSP Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 6, ¶ 17.)

On June 24, 2013, Mr. Gates filed another informal resolution complaining that his cast had not been removed in a timely manner. Crossroads medical staff denied this informal complaint, and explained that Mr. Gates had been provided off-site medical care by a specialist. Mr. Gates did not file a formal grievance or otherwise pursue the June 24, 2013 informal complaint through the remaining steps of MSP Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 7, ¶ 18.)

On August 23, 2013, Mr. Gates filed two informal resolutions. The first complained of "deliberate indifference" in Crossroads' response to Mr. Gates

breaking his leg. Mr. Gates requested that Crossroads "[t]ake responsibility for deliberate indifference, negligence, and med. malpractice. (Financially as well)." (Doc. 7-3 at 6.) This informal was denied as untimely and as having been previously addressed and answered. Mr. Gates did not file a formal grievance or otherwise pursue this August 23, 2013 through the remaining steps of the grievance process required by Procedure 3.3.3. (Crossroads' Undisputed Facts, Doc. 23 at 2, ¶ 20.) The second informal filed by Mr. Gates on August 23, 2013 sought removal of the cast on his leg.

On September 12, 2013, Mr. Gates filed an informal resolution form complaining that Dr. Rost had not provided him with rehabilitation for his leg/ankle after his cast was removed. (Doc. 7-3 at 9.) This informal complaint was not processed because Mr. Gates was released from prison on September 29, 2013. (Crossroads' Undisputed Facts, Doc. 23 at 2, ¶ 22.)[3]

Mr. Gates did not present his claim of medical negligence against Marias Medical Center to the Montana Medical Legal Panel. (Doc. 26--Marias's Statement of Undisputed Facts at 2.)

---

[3]Crossroads' Statement of Undisputed Facts and Warden Frink's Affidavit both indicate Mr. Gates was released from prison on September 23, 2013 but both refer to the response to Mr. Gates' September 12, 2013 grievance which indicates that Mr. Gates was released on September 29, 2013. (Doc. 7-3 at 9.)

## ANALYSIS

**Crossroads Motion for Summary Judgment**

Crossroads argues Mr. Gates failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act. It is undisputed that Crossroads followed the grievance procedure set forth in MSP Procedure 3.3.3 and that inmates were made aware of this policy at orientation and through the inmate handbook. Mr. Gates does not allege that he was not aware of the grievance policy.

It is also undisputed that Mr. Gates did not submit any formal grievance, appeal to the Warden, or appeal to the MDOC Director related to his January 1, 2013 informal resolution form, his April 6, 2013 informal resolution form, his first August 23, 2013 informal resolution form, or his September 12, 2013 informal resolution form.

Mr. Gates' second informal complaint on August 23, 2013 and his September 12, 2013 informal complaint concerned matters not addressed in his complaint, and are therefore not at issue.

Mr. Gates does not dispute that he failed to complete the exhaustion process with regard to the issues presented in this action. and he provided no explanation for his failure to grieve these issues. It being undisputed that Mr. Gates did not

properly exhaust the available administrative remedies for the claims raised in his Complaint, Crossroads' Motion to Dismiss as construed as a Motion for Summary Judgment should be granted.

**Marias Medical Center's Motion for Summary Judgment**

Defendant Marias Medical Center argues that Mr. Gates was required to present his medical malpractice claims to the Montana Medical Legal Panel as required by Montana Code Annotated § 27-6-701.

Mont. Code Ann. § 27-6-105 provides an exception to the above requirement for claims brought by an inmate of a correctional facility against a health care provider arising from a health care service provided by the health care provider within the facility. Mont. Code. Ann. § 27-6-105(2). As Mr. Gates claims against Marias do not involve health care provided within the correctional facility, this exception does not apply.

There is no evidence that Mr. Gates presented his medical malpractice claims against Marias Medical Center to the Montana Medical Legal Panel as required by Mont. Code Ann. § 27-6-701. Mr. Gates' medical malpractice claims against Marias Medical Center should be dismissed.

The failure to present claims to the Montana Legal Panel, however, does not bar Mr. Gates' federal claims against Marias Medical Center. *See Felder v. Casey*,

487 U.S. 131, 133 (1988) (holding that state notice of claim provisions may not serve to "place conditions on the vindication of a federal right").

## CONCLUSION

Mr. Gates failed to exhaust his administrative remedies at the prison with regard to the allegations made in his Complaint. Therefore, Crossroads' Motion for Summary Judgment should be granted. Summary judgment should also be granted to Marias Medical Center on Mr. Gates' state law medical malpractice/ medical negligence claims.

It is **ORDERED:**

1. On or before, September 12, 2014, Mr. Gates shall indicate to the Court whether he intends to serve Defendants Benefis of Great Falls and the Montana Department of Corrections.

2. At all times during the pendency of this action, Mr. Gates must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Crossroads' Motion to Dismiss for Failure to Exhaust (Doc. 5) as construed as a Motion for Summary Judgment should be granted. Crossroads

Correction Center should be dismissed with prejudice.

2. Marias Medical Center's Motion to Dismiss (Doc. 13) as construed as a Motion for Summary Judgment should be granted as to Mr. Gates' state law claims of medical malpractice/medical negligence.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of August, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.