# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GATES,<br><br>        Plaintiff,<br><br>vs.<br><br>BENEFIS OF GREAT FALLS, CROSSROADS CORRECTION CENTER, MARIAS MEDICAL CENTER, and MONTANA DEPARTMENT OF CORRECTIONS,<br><br>        Defendant. | CV 14-00007-GF-BMM-RKS<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on August 26, 2014. (Doc. 28). Plaintiff filed no objections. When a party makes no objections, the Court need not review *de novo* the proposed findings and recommendation. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1986). This Court will review Judge Strong's Findings and Recommendation, however, for clear error. *McDonnell Douglas Corp. v. Commodore Business Machines Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981).

Mr. Gates filed a change of address on April 28, 2014. (Doc. 19). MMC incorrectly served the Affidavit/Declaration (Doc. 21), Notice and Warning to Pro

1

Se Prisoner (Doc. 24), Brief/Response to Prisoner (Doc. 25), Statement of Undisputed Fact 9(Doc. 26), and Affidavit/Declaration (Doc. 27) by mail at Mr. Gate's old address. The Clerk of this Court correctly sent the Finding and Recommendation, however, to Mr. Gate's updated correct address. (Doc. 28). The Finding and Recommendation notified Mr. Gates of his opportunity to file objections to the Findings and Recommendation. (Doc. 28 at p. 14). Mr. Gates failed to file any objections.

Judge Strong recommends that Defendant Crossroads Correction Center's ("CCC") motion to dismiss for failure to exhaust (Doc. 5) be constructed as a motion for summary judgment. Judge Strong recommends that Plaintiff's failure to exhaust the available administrative remedies for his claims warranted summary judgment in favor of CCC. Judge Strong also recommends that Defendant Marias Medical Center's ("MMC") motion to dismiss (Doc. 13) be constructed as a motion for summary judgment. Judge Strong recommends that Plaintiff's failure to present claims to the Montana Medical Legal Panel warrants summary judgment in favor of MMC. I find no clear error in Judge Strong's Findings and Recommendation and adopt them in full.

The Court ordered Mr. Gates to indicate whether he intends to serve Benefis of Great Falls (BGF) and the Montana Department of Corrections (MDOC) on or

before September 12, 2014. (Doc. 28 at p. 13). Mr. Gates failed to indicate to the Court whether he intends to serve BGF or MDOC.

The Court also ordered Mr. Gates to advise the Court of any change of address and its effective date during the pendency of this action. (Doc. 28 at p. 13). Mr. Gates has failed to advise the Court of any change of address.

**Crossroads Motion for Summary Judgment**

Gate's injury took place on December 12, 2012, while he was incarcerated at CCC. (Doc. 9 at p. 2). Gates submitted *Inmate/Offender Informal Resolution Forms* on January 11, 2013, April 6, 2013, June 24, 2013, August 23, 2013, and September 12, 2013, regarding inadequate medical treatment for his December 12, 2012 injury. (Doc. 23 at p. 5). CCC denied Gate's January 11, 2013, April 6, 2013, June 24, 2013, and August 24, 2013 requests. (Doc. 23 at p. 5).

CCC advised Gates that he had the right to file a formal grievance within five working days of receiving each denial. (Doc. 23 at p. 5, 10). Gates submitted no formal grievance regarding the denial of his January 11, 2013, April 6, 2013, June 24, 2013, and August 24, 2013, informal requests. (Doc. 23 at p. 2, 6). CCC did not process Gate's September 12, 2013, request because he had been released from prison on September 29, 2013. (Doc. 23. at p. 2).

CCC argues that Gates failed to exhaust properly his administrative remedies as required by the Prison Litigation Reform Act. It is undisputed that

3

CCC followed the grievance procedure set forth in Montana State Prison (MSP) Procedure 3.3.3. It is also undisputed that Gates failed to comply with MSP policy as required by the Prison Litigation Reform Act because he did not submit any formal grievances. Gates failed to exhaust properly the available administrative remedies for his claims. Summary judgment is appropriate in this case.

**Marias Medical Center's Motion for Summary Judgment**

No evidence indicates that Gates presented his medical malpractice claims against Marias Medical Center to the Montana Medical Legal Panel, as required by Mont. Code. Ann. § 27-6-701. No exception to this requirement applies in this case. (Doc. 26 at p. 2). Summary judgment is appropriate regarding Gate's state law claims. Failure to present claims to the Montana Legal Panel, however, does not bar Gates federal claims against Marias Medical Center. This order does not address the potential viability of any federal claims that Gates may possess against Marias Medical Center.

**IT IS HEREBY ORDERED:**

1. Defendant Crossroads' Motion for to Dismiss for Failure to Exhaust (Doc. 5), constructed as a Motion for Summary Judgment, is **GRANTED**. Crossroads Correction Center is dismissed with prejudice.

2.	Marias Medical Center's Motion for to Dismiss for Failure to Exhaust (Doc. 13), constructed as a Motion for Summary Judgment, is **GRANTED** as to Plaintiff's state law claims of medical malpractice/medical negligence.

3.	Plaintiff's Complaint (Doc. 9) is **DISMISSED** with prejudice, in part, with regard to Plaintiff's claims against Crossroads Correction Center and Plaintiff's state law claims against Marias Medical Center.

4.	The Clerk is directed to enter judgment accordingly.

DATED this 1st day of October, 2014.

_____
Brian Morris
United States District Court Judge