IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GATES,<br><br>    Plaintiff,<br><br>    vs.<br><br>BENEFIS OF GREAT FALLS, MARIAS MEDICAL CENTER, and MONTANA DEPARTMENT OF CORRECTIONS,[1]<br><br>    Defendants. | CV 14-00007-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

Plaintiff Thomas Gates signed and dated his Complaint on August 8, 2013. (Doc. 9.)  Mr. Gates filed the Complaint in Montana Ninth Judicial District Court on September 25, 2013.  (State Court Docket, Doc. 8 at 1.)  In that Complaint, he alleged Defendants Benefis of Great Falls, Marias Medical Center, Crossroads Correction Center, and the Montana Department of Corrections did not provide adequate medical care after he broke his leg on December 12, 2012, while he was incarcerated at Crossroads Correctional Center.  (Complaint, Doc. 9.)

Mr. Gates was released from prison on September 29, 2013.  (Doc. 7-3 at 2.)

---

[1]The caption has been amended to reflect the October 1, 2014 dismissal of Defendant Crossroads Correction Center. (Doc. 29.)

1

Defendant Crossroads Correctional Center removed the case to federal court on February 13, 2014. (Doc. 1.) At that time, only Crossroads and Marias Medical Center had been served with the Complaint. These Defendants moved to dismiss Mr. Gates's claims based upon Mr. Gates's failure to exhaust administrative remedies at the prison and his failure to exhaust state administrative remedies. (Doc. 5, 13.) Mr. Gates did not file timely responses to these motions.

On April 8, 2014, the Court requested further briefing from Defendants and required Mr. Gates to indicate whether he intended to proceed with the case. (Doc. 17.) On April 28, 2014, Mr. Gates filed a notice to pursue the case and attached thereto a number of prison grievances that were construed as being filed in opposition to Defendants' motions. (Doc. 18.) Defendants' motions were granted on October 1, 2014, and Crossroads and all state law claims against Defendant Marias were dismissed from the case. (Doc. 29.)

On August 26, 2014, the Court required Mr. Gates to indicate whether he intended to serve Defendants Benefis of Great Falls and the Montana Department of Corrections. (Doc. 28.) He did not do so, and the Court issued an Order to Show Cause why the matter should not be dismiss on October 21, 2014. (Doc. 30.) Mr. Gates responded on November 7, 2014, with a single paragraph indicating he would be willing to settle the case. (Doc. 31.) He never responded to the Court's

2

inquiry regarding serving Defendants Benefis and the Department of Corrections. On January 23, 2015, the Court issued an Order for the parties to report to the Court on the status of the case on or before February 6, 2015. (Doc. 33.) In that Order, Mr. Gates was specifically warned that if he failed to submit a status report, his Complaint would be recommended for dismissal. (Doc. 33.) Mr. Gates failed to submit a status report.

Mr. Gates has continually failed to adequately respond to this Court's Orders or participate in this litigation. Therefore, the Court recommends that this case be dismissed with prejudice for failure to prosecute. The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

3

disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This factor is particularly compelling in this case since Mr. Gates failed to timely respond to Defendant Crossroads' Motion to Dismiss (Doc. 13); filed only a minimal response to the motion after being ordered to do so by the Court (Doc. 18); failed to respond to the Court's August 26, 2014 Order regarding service of Defendants Benefis of Great Falls and the Montana Department of Corrections (Doc. 28); and failed to respond to the Court's Order to File Status Reports. (Doc. 33.) This case has dragged on for nearly a year, and it appears that Mr. Gates has no intention on participating in the litigation of this case.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). Mr. Gates has moved out of state, and although he was

given several opportunities to participate in this action, he has either completely failed to respond to the Court's Orders and Defendants' motions and/or responded with a minimal and inadequate response. The Court must be able to manage its docket. It cannot do so if Mr. Gates refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Gates's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to a dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Gates was given a number of opportunities to notify the Court whether he intended to

5

prosecute in this matter, but he either completely failed to respond or provided minimal responses. In addition, Mr. Gates will have an opportunity to file objections to these findings and recommendations. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, because the other four factors weigh in favor of dismissal, dismissal is an appropriate sanction.

Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED** for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.

       /s/ John Johnston
       John Johnston
       United States Magistrate Judge