# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GATES,<br><br>Plaintiff,<br><br>vs.<br><br>BENEFIS OF GREAT FALLS, MARIAS MEDICAL CENTER, and MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 14-00007-GF-BMM<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

United States Magistrate Judge John Johnston entered Findings and Recommendation in this matter on March 16, 2015. (Doc. 35). Plaintiff Thomas Gates filed no objections. When a party makes no objections, the Court need not review *de novo* the proposed findings and recommendation. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Business Machines Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981).

Gates initially filed this complaint in the Montana Ninth Judicial District Court on September 25, 2013. (Doc. 9). Gates alleged that the defendants Benefis

1

of Great Falls ("Benefis"), Marias Medical Center ("MMC"), Crossroads Correction Center ("CCC"), and the Montana Department of Corrections ("MDC") (collectively "the Defendants") failed to provide adequate medical care while Gates was incarcerated at the Crossroads Correctional Center. *Id*. Gates only served CCC and MMC with the complaint.

CCC removed the case to this Court on February 13, 2014. (Doc. 1). The Court granted CCC's and MMC's motion to dismiss for failure to exhaust prison and state administrative remedies on October 1, 2014. (Doc. 29). The Court dismissed only the state law claims against MMC. Benefis and MDC had remained unserved at this point.

Gates failed to indicate whether he intended to serve Benefis and MDC as required by the Court's order of August 26, 2014. (Doc. 28). Accordingly, the Court issued an order on October 21, 2014, to show cause why the case should not be dismissed. (Doc. 30). Gates's single paragraph response of November 7, 2013, informed the Court that he would be willing to settle the case, but failed to address the question regarding service of Benefis and MDC. (Doc. 31).

The Court ordered the parties to report on the status of the case on or before February 6, 2015. (Doc. 33). The Court warned Gates that if he failed to submit a status report, his complaint would be recommended for dismissal. *Id*. Gates failed to submit a status report by February 6, 2015.

Judge Johnston recommends that the Court dismiss with prejudice Gate's complaint against Benefits, MMC and MDC for failure to prosecute. (Doc. 35). The Court finds no clear error in Judge Johnston's Findings and Recommendations. The Court adopts the Findings and Recommendations in full. The Court possesses the ability to sua sponte dismiss a case for failure to prosecute and for failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); Fed. R. Civ. P. 41(b); *Ferdik v. Bonzetlet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Although dismissal is a harsh penalty and should be imposed as a sanction in only extreme circumstances, dismissal is appropriate in this case given Gates's repeated failure to comply with and respond to the Court's orders. *Henderson*, 779 F.2d at 1423.

The Court evaluated the factors dispositive of dismissal against the circumstances of this case. *See Pagatlunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdick*, 963 F.2d at 1260-61). The Court concludes that based on the public's interest in the expeditious resolution of litigation, the Court's need to manage its own docket, the prejudice faced by the Defendants, and the limited availability of less drastic alternatives overwhelms the public policy favoring disposition of cases on their merits. *Id*. Gates failed to serve all of the Defendants properly. Gates failed to comply with the Court's order to indicate his intention to serve, to show cause, and to file a status report. Gates elected not to file objections

to Judge Johnston's findings and recommendations. Gates initiated this matter more than a year ago and it appears that Gates has no intention of participating in the litigation of this case or fully complying with this Court's orders.

**IT IS HEREBY ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 35) is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that Plaintiff Thomas Gate's Complaint (Doc. 9) is DISMISSED WITH PREJUDICE for failure to prosecute. The Clerk is directed to enter judgment accordingly.

DATED this 9th day of April, 2015.

Brian Morris
United States District Court Judge